United States District Court
Southern District of Texas
**ENTERED**
July 18, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| JANE DOE #4, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SALESFORCE.COM, INC.; MICHAEL | § | CIVIL ACTION NO. H-19-1641 |
| LACEY; JAMES LARKIN; JOHN | § | |
| BRUNST; SCOTT SPEAR; MEDALIST | § | |
| HOLDINGS, LLC; LEEWARD | § | |
| HOLDINGS, LLC; G6 HOSPITALITY, | § | |
| LLC; NNJP, LLC; | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Plaintiff Jane Doe # 4 ("Plaintiff" or "Jane Doe") sued defendants Salesforce.com, Inc. ("Salesforce"); Michael Lacey; James Larkin; John Brunst; Scott Spear; Medalist Holdings, LLC; Leeward Holdings, LLC;[1] G6 Hospitality, LLC ("G6"); and NNJP, LLC[2] (collectively, "Defendants") in the 157th Judicial District Court of Harris County, Texas (the "State Court"). Salesforce removed

---

[1]Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Leeward Holdings, LLC, and Medalist Holdings, LLC will be referred to collectively herein as the "Backpage Defendants." In its Notice of Removal, Salesforce claims that Plaintiff improperly named Medalist Holdings, LLC rather than Medalist Holdings, Inc., which is the parent company for Backpage. See Notice of Removal by Defendant Salesforce.com, Inc. ("Notice of Removal"), Docket Entry No. 1, pp. 2-3 ¶¶ 6 and 7.

[2]G6 and NNJP, LLC will be referred to collectively herein as the "Hotel Defendants."

the action on May 3, 2019.[3]  Pending before the court is Jane Doe's
Motion to Remand ("Plaintiff's Motion to Remand") (Docket Entry
No. 26).  For the reasons explained below, Plaintiff's Motion to
Remand will be granted.

## I.  <u>Factual and Procedural Background</u>

Jane Doe claims that Defendants are responsible in varying
capacities for the exploitation she experienced as a victim of sex
trafficking.[4]  Jane Doe alleges that she was sexually exploited
through ads on a website called "Backpage."[5]  Traffickers, pimps,
and johns use Backpage to communicate with one another.[6]  Jane Doe
alleges that the Backpage Defendants collaborated with her sexual
traffickers and sought to financially benefit from the trafficking
venture by knowingly permitting traffickers to transact business on
their website.[7]  Salesforce licensed customer relationship manage-
ment ("CRM") software to Backpage.[8]  Salesforce markets its CRM
software as designed to help users find new customers and grow

---

[3]<u>See</u> Notice of Removal, Docket Entry No. 1.

[4]<u>See</u> Plaintiff's Amended Petition and Request for Disclosure
to Salesforce, Inc. ("Petition"), Exhibit 3 to Notice of Removal,
Docket Entry No. 1-4, pp. 111-35.

[5]<u>See</u> <u>id.</u> at 112 ¶ 59.

[6]<u>See</u> <u>id.</u> at 112 ¶ 60.

[7]<u>See</u> <u>id.</u> at 112 ¶ 61, 127-28 ¶¶ 117-18.

[8]<u>See</u> <u>id.</u> at 113 ¶¶ 65-68.

-2-

their businesses.[9]  Jane Doe's claims against Salesforce are based on Salesforce's alleged failure to monitor how Backpage was using its CRM software.[10]  Salesforce and the Backpage Defendants are diverse from Jane Doe.[11]

Jane Doe's Petition also asserts claims against the non-diverse Hotel Defendants.  Jane Doe alleges that she was sexually assaulted at a Motel 6 owned and operated by the Hotel Defendants.[12] Jane Doe alleges that the Hotel Defendants knowingly participated in her trafficking through the operation of their hotel.[13]  For example, she alleges that the Hotel Defendants failed to properly train their employees, failed to install adequate lighting and security cameras, and knowingly catered to the needs of sex traffickers.[14]

Jane Doe alleges that Salesforce, the Backpage Defendants, and the Hotel Defendants were part of a single human trafficking venture under Texas law.[15]  Jane Doe filed this action in the State

---

[9]See id. at 113 ¶ 68.

[10]See id. at 124-26.

[11]See id. at 107 ¶¶ 18, 21-22; 108 ¶¶ 25-26; 109 ¶¶ 26-36.

[12]See id. at 120-21 ¶ 89.

[13]See id. at 130-33.

[14]See id. at 130-32 ¶ 126.

[15]See Plaintiff's Motion to Remand, Docket Entry No. 26, p. 10; see Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-4, p. 133 ¶ 132 (citing Tex. Civ. Prac. & Rem. Code § 98.005 ("A person who engages in the trafficking of persons or who intentionally or knowingly benefits from participating in a venture
(continued...)

Court on February 27, 2018.[16]   Plaintiff amended her Original Petition to add claims against Salesforce on April 3, 2019.[17] Salesforce timely removed the action to this court on May 3, 2019, arguing that the court has diversity jurisdiction over this action because the Hotel Defendants were fraudulently misjoined by Plaintiff.[18]  Plaintiff moved to remand the action on June 2, 2019.[19] Salesforce and G6 filed responses on June 24, 2019.[20]   Plaintiff replied on July 1, 2019.[21]

## II. <u>Removal Standard</u>

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses

---

[15](...continued) that traffics another person and is found liable under this chapter or other law for any amount of damages arising from the trafficking is <u>jointly liable with any other defendant for the entire amount of damages arising from the trafficking.</u>" (emphasis added)), and p. 135 ¶ 141 (alleging that "Defendants knowingly and intentionally participated in a [sex trafficking] venture").

[16]<u>See</u> Plaintiff's Original Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-4, p. 2.

[17]<u>See</u> Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-4, p. 105.

[18]<u>See</u> Notice of Removal, Docket Entry No. 1, pp. 7-10.

[19]<u>See</u> Plaintiff's Motion to Remand, Docket Entry No. 26.

[20]<u>See</u> Defendant Salesforce.com, Inc.'s Response and Brief in Opposition to Motion to Remand ("Salesforce's Response"), Docket Entry No. 27; Defendant G6 Hospitality, LLC's Response in Opposition to Jane Doe #4's Motion to Remand ("G6's Response"), Docket Entry No. 28.

[21]<u>See</u> Jane Doe's Reply to Salesforce's Response to Jane Doe's Motion to Remand ("Jane Doe's Reply"), Docket Entry No. 31.

subject matter jurisdiction." <u>Manguno v. Prudential Property and Casualty Insurance Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)).  "The party seeking to assert federal jurisdiction, in this case [Salesforce], has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." <u>New Orleans & Gulf Coast Railway Co. v. Barrois</u>, 533 F.3d 321, 327 (5th Cir. 2008).  Ambiguities or doubts are to be construed against removal and in favor of remand.  <u>Manguno,</u> 276 F.3d at 723.

### III.  <u>Fraudulent Misjoinder Analysis</u>

Fraudulent misjoinder is a concept developed by the Eleventh Circuit in <u>Tapscott v. MS Dealer Service Corporation,</u> 77 F.3d 1353, 1360 (11th Cir. 1996), <u>abrogated in part on other grounds by Cohen v. Office Depot, Inc.,</u> 204 F.3d 1069 (11th Cir. 2000).  Fraudulent misjoinder is to be applied only in limited circumstances when failure to abide by applicable joinder requirements is "just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possible cause of action." <u>See Texas Instruments Inc. v. Citigroup Global Markets, Inc.,</u> 266 F.R.D. 143, 147 (N.D. Tex. 2010) (citing <u>Tapscott,</u> 77 F.3d at 1360).  "The Fifth Circuit has not directly applied the fraudulent-misjoinder theory, but it has cited <u>Tapscott</u> with approval and has acknowledged that fraudulent misjoinder of either defendants or plaintiffs is not permissible to circumvent diversity jurisdiction." <u>Centaurus Unity</u>

<u>LP v. Lexington Insurance Company,</u> 766 F. Supp. 2d 780, 789 (S.D.
Tex. 2011) (citing <u>In re Benjamin Moore & Co.,</u> 318 F.3d 626, 630-31
(5th Cir. 2002)).

<u>Tapscott's</u> fraudulent-misjoinder analysis is two-fold:
(1) has one defendant been misjoined with another defendant in
violation of the applicable joinder rules;[22] and (2) if so, is the
misjoinder sufficiently egregious to rise to the level of
fraudulent misjoinder.[23]  <u>Id.</u> Texas Rule of Civil Procedure 40(a)
states that claims against multiple defendants may be joined in one
action if (1) "there is asserted against them jointly, severally,
or in the alternative any right to relief in respect of or arising
out of the same transaction, occurrence, or series of transactions
or occurrences"; and (2) at least one "question of law or fact

---

[22]The Fifth Circuit has not indicated whether state or federal
joinder laws should be used in fraudulent-misjoinder analyses.  The
court therefore concludes, consistently with its prior rulings and
the rulings of other courts in this Circuit, that Texas joinder
rules should govern since Plaintiff was required to follow Texas
joinder rules when she originally filed this action.  <u>See
Centaurus,</u> 766 F. Supp. 2d at 789; <u>Wells Fargo Bank, N.A. v.
American General Life Insurance Co.,</u> 670 F. Supp. 2d 555, 563 (N.D.
Tex. 2009).

[23]Salesforce argues that the court should not impose an
"egregiousness" requirement in determining whether the Hotel
Defendants have been fraudulently misjoined.  <u>See</u> Salesforce's
Response, Docket Entry No. 27, pp. 20-22.  While courts in this
Circuit have yet to agree on in what circumstances a misjoinder
should qualify as egregious, they appear uniformly to apply the
egregiousness requirement imposed by <u>Tapscott.</u>  <u>See Texas
Instruments,</u> 266 F.R.D. at 149.  Consistent with its prior rulings,
<u>Centaurus,</u> 766 F. Supp. 2d at 789-90, the court will therefore
require that Plaintiff's joinder of the Hotel Defendants be
egregious for the court to find that the Hotel Defendants were
fraudulently misjoined.

common to all of [the defendants] will arise in the action." Tex
R. Civ. P. 40(a).

Salesforce argues that the court has diversity jurisdiction
over this action because the non-diverse Hotel Defendants were
fraudulently misjoined.  Jane Doe argues that the Hotel Defendants
are properly joined because (1) her claims against all Defendants
arise from injuries she sustained as a result of her victimization
by a single sex trafficking venture and (2) common questions of law
and fact will arise in resolving her claims against Defendants.

The court concludes that Jane Doe's joinder of the Hotel
Defendants did not violate Texas's joinder rules.  Jane Doe's
claims against the Hotel Defendants, Salesforce, and the Backpage
Defendants arise from the same transaction or series of
transactions -- an alleged sex trafficking venture[24] in which
traffickers were permitted to use Backpage, which utilized
Salesforce's CRM technology, to solicit johns to abuse Jane Doe in
hotels owned and operated by the Hotel Defendants.  Jane Doe
alleges that Defendants are each responsible in different ways for
the sexual exploitation she faced as a victim of that venture.
Jane Doe pled the same or similar legal claims against Salesforce,

---

[24]Jane Doe's Petition appears to allege the existence of a
single sex trafficking venture, of which Defendants were
participants: "Defendants knowingly and intentionally participated
in **a venture** that violated" the Texas Penal Code's sex trafficking
prohibition. See Petition, Exhibit 3 to Notice of Removal, Docket
Entry No. 1-4, p. 135 ¶ 141 (emphasis added).

the Hotel Defendants, and the Backpage Defendants;[25] and it is likely that at least one of those claims will raise common questions of law and fact.   Specifically, Jane Doe claims that Defendants' actions "taken separately and/or together," violated Texas Civil Practice and Remedies Code § 98.002, which allows a victim of sex trafficking to hold defendants who "engage[d] in the trafficking" or "intentionally or knowingly benefit[ted] from participating in a venture that traffic[ed]" the victim liable for damages.   See Tex. Civ. Prac. & Rem. Code § 98.002.   Jane Doe's § 98.002 claims against the Hotel Defendants, the Backpage Defendants, and Salesforce are likely to raise such common questions of fact as whether a single trafficking venture involving all of Defendants existed, the extent of each defendant's knowledge of the venture's existence and awareness of the other defendants' participation in it, and what damages Jane Doe sustained.

Alternatively, even if Texas joinder requirements were not satisfied, Salesforce has failed to persuade the court that Plaintiff's joinder of the Hotel Defendants is so egregious as to be fraudulent.   A survey of fraudulent misjoinder cases conducted

_____

[25]See Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-4, pp. 124-26 (pleading claims for violations of Texas Civil Practice and Remedies Code Chapter 98, negligence, and gross negligence against Salesforce); pp. 126-30 (pleading claims for violation of Texas Civil Practice and Remedies Code Chapter 98, negligence, and gross negligence against the Backpage Defendants); pp. 130-33 (pleading claims for violation of Texas Civil Practice and Remedies Code Chapter 98 and negligence against the Hotel Defendants).

by the Northern District of Texas recognized three situations in which a misjoinder is potentially so egregious as to be considered "fraudulent:"

> (1) two or more lawsuits with little or no party overlap have been combined in the same action (i.e., there are multiple plaintiffs and defendants, but each plaintiff or discrete set of plaintiffs is suing only one defendant or a discrete set of defendants); (2) numerous plaintiffs have sued a common defendant and assert claims that have no shared factual element other than the presence of the common defendant; and (3) a single plaintiff or group of plaintiffs has joined multiple defendants in the same action and is asserting claims against each defendant that are both factually and legally unrelated.

See Texas Instruments, 266 F.R.D. at 149. Only the third situation is potentially applicable here. But Jane Doe is not suing unrelated defendants over unrelated events. While the involvement of each defendant in the venture alleged by Jane Doe was different, Defendants are all in some way connected to her sex trafficking. Plaintiffs' joinder of the Hotel Defendants to her claims against Salesforce and the Backpage Defendants therefore does not rise to the level of egregiousness required for a finding of fraudulent misjoinder. The court therefore finds that Jane Doe did not fraudulently misjoin the Hotel Defendants.

## IV. Conclusion and Order

For the reasons explained above, the court concludes that Salesforce has failed to carry its burden of proving that the court has subject matter jurisdiction over this action. Accordingly,

Jane Doe's Motion to Remand (Docket Entry No. 26) is **GRANTED**.  This action is **REMANDED** to the 157th Judicial District Court of Harris County, Texas.  The Clerk will provide a copy of this Memorandum Opinion and Order of Remand to the District Clerk of Harris County, Texas.

    **SIGNED** at Houston, Texas, on this the 18th day of July, 2019.


_____
                SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE